UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBIN JONES-WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-1244-B |
| | § | |
| AIR-FRANCE-KLM, S.A., d/b/a KLM Royal Dutch Airlines, a Foreign Corporation; | § § § | |
| | § | |
| KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V., d/b/a KLM, a Foreign Corporation; and, | § § § | |
| | § | |
| DELTA AIRLINES, INC., a Delaware Corporation | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Delta Airlines, Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) (doc. 5), which was filed on May 6, 2014. For the reasons presented below, the Court **DENIES** Defendant's Motion **WITHOUT PREJUDICE, QUASHES** Plaintiff's previous attempts at service of process, and **ORDERS** Plaintiff to effectuate proper service on Delta **within thirty (30) days**.

I.

BACKGROUND[1]

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's original Complaint (doc. 1), as well as from the attachments and documents incorporated therein by reference. *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

- 1 -

In this action, Plaintiff Robin Jones-Williams has sued Defendants Air-France-KLM, S.A. ("KLM Royal Dutch Airlines"), Koninklijke Luchtvaart Maatschappij, N.V. ("KLM"), and Delta Airlines, Inc. ("Delta") to recover damages for injuries allegedly sustained on an international flight. Compl. 1-2 at ¶¶ 1-8. On May 26, 2012, Plaintiff purchased a ticket to travel from Dallas to Dubai, with connections in Atlanta and Amsterdam, on an international flight operated in concert by Defendants KLM Royal Dutch Airlines, KLM, and Delta. *Id.* at ¶ 7. While in Amsterdam, a flight attendant attempted to move luggage from the floor to an overhead storage compartment. *Id.* The luggage subsequently dropped onto Plaintiff's head. *Id.* Plaintiff maintains that the impact caused injuries to her cervical spine and back that have resulted in significant pain and suffering, and have required extensive medical treatment. *Id.*

On April 7, 2014, Plaintiff filed a complaint alleging that KLM Royal Dutch Airlines, KLM, and Delta were liable for damages under the Montreal Convention, an international treaty that governs air carriage between ratifying countries.[2] Compl. 7 at ¶¶ 9-11. On April 9, 2014, Plaintiff requested the Clerk issue summonses (doc. 3) to KLM Royal Dutch Airlines, KLM, and Delta. The Clerk issued summonses (doc. 4) to all three defendants on the same day.

Plaintiff executed service of the Summons and Complaint on Delta by sending certified mail return receipt requested to Delta Airlines, Inc. c/o Legal Department, 1030 Delta Blvd., Atlanta, GA 30354-1989.[3] Def.'s Mot. Ex. A at 2. Both were received on April 15, 2014. *Id.* Delta filed the

---

[2] The Montreal Convention is formally known as the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734. The United States, Netherlands, and the United Arab Emirates are all signatories thereto. Article 17(1) of the Convention "provides for carrier liability for death or bodily injury of a passenger caused by an accident on board the aircraft or in the course of embarking or disembarking." *Id.* at Art. 17(1).

[3] Delta is a Delaware corporation with its home office in Atlanta, Georgia. Compl. 2 at ¶ 4.

present Motion to Dismiss on May 6, 2014. Def.'s Mot. 1. Plaintiff responded (doc. 6) on May 16, 2014. More than fourteen days have passed since Plaintiff's filing and Delta has failed to file a reply. Accordingly, the motion is now ripe for the Court's review.[4]

## II.

## LEGAL STANDARD

A.   *Motion to Dismiss Pursuant to Rule 12(b)(2)*

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action when a court lacks personal jurisdiction over the defendant. On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that a nonresident defendant is subject to the Court's jurisdiction. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). To establish the Court's personal jurisdiction over a defendant, the plaintiff must make only a *prima facie* case of jurisdiction. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 342-43 (5th Cir. 2004). "The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

In establishing personal jurisdiction, two preconditions must be met: (1) the nonresident must

---

[4] The Court notes that Delta subsequently filed its Answer (doc. 9) to Plaintiff's Complaint on June 10, 2014. This does not affect the instant motion, however, because "as long as the objection is made in a timely fashion, a defendant's appearance in the suit does not waive the objection to service." *Kudo Co., Ltd. v. Latimer*, No. 4:10CV680, 2011 WL 938349, at *1 (E.D. Tex. Feb. 22, 2011) (citing *McCarter v. Harris Cnty.*, No. Civ.A.H-04-4159, 2006 WL 1281087, at *3 (S.D. Tex. May 5, 2006) (rejecting the argument that defendant waived grounds for dismissal because it had filed an answer in the suit)), *adopted by* 2011 WL 933717 (E.D. Tex. Mar. 16, 2011).

be amenable to service of process under Texas' long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the United States Constitution. *Jones*, 954 F.2d at 1067. Because Texas' long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Id.* at 1067-68 (citing, *inter alia*, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Id.* at 1068 (citations omitted).

B.   *Motion to Dismiss Pursuant to Rule 12(b)(5)*

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the defendant with a complaint and summons. If a plaintiff performs an insufficient service of process, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *See Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011).

When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). "The Court, in making a determination on the validity of service, 'must look outside the complaint to determine what steps, if any, the plaintiff took to effect service.'" *Dunlap v. City of Fort Worth*, No. 4:13-CV-802-0, 2014 WL 1677680, at *2 (N.D. Tex. Apr. 28, 2014) (quoting *Morris v. Liberty Mut. Ins. Co.*, No. 08-4247, 2009 WL 1941203, at *1 (E.D. La. July 7, 2009)).

III.

## ANALYSIS

To begin with, the Court must clarify the appropriate legal standard for the instant motion. Delta argues that the Court lacks personal jurisdiction over it because Plaintiff failed to properly serve it with process, and therefore moves to dismiss Plaintiff's action under Rule 12(b)(2) and Rule 12(b)(5). Def.'s Mot. 2. However, moving under both rules is unnecessary. Indeed, "[u]nless the defendant has been served with process in accordance with Fed. R. Civ. P. 4, a federal court lacks personal jurisdiction over the defendant." *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. Sept. 4, 2013) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). Thus, concurrent motions to dismiss under Rule 12(b)(2) and Rule 12(b)(5) are redundant when both stem from alleged insufficient service of process, and the Court will address all arguments under the more applicable standard of Rule 12(b)(5). *See Raburn v. Dae Woo, Inc.*, No. 3:09-CV-1172-G, 2010 WL 743933, at *1 n.1 (N.D. Tex. Mar. 3, 2010)(explaining that Rule 12(b)(5) is the appropriate standard when a defendant's "arguments for dismissal under Rule 12(b)(2) overlap entirely with its arguments for dismissal under Rule 12(b)(5)."); *Briggs v. Dart Reg'l Rail Right of Way Co.*, No. Civ.A. 305CV1358G, 2005 WL 3133505, at *3 n.3 (N.D. Tex. Nov. 23, 2005) ("Although the defendant asserts its motion under Rule 12(b)(2), it appears from the defendant's arguments Rule 12(b)(5) is the more appropriate rule applicable to this ground.").

The Court now turns to the substance of Delta's motion. Delta argues that the Court lacks personal jurisdiction over it because Plaintiff failed to serve an officer or agent authorized by either Georgia or Texas law to receive service of process.[5] Def.'s Mot. 3-4. Plaintiff does not dispute that

---

[5] The Court notes that Delta cites to outdated authority to support its argument. *See* Tex. Bus. Corp. Act, art. 2.11(A) (West 2010). The current applicable authority is Tex. Bus. Orgs. Code Ann. §§ 5.201(b),


its initial attempt to serve Delta with process was deficient. Pl.'s Resp. 2. However, Plaintiff has since re-served Delta and now argues that Delta's motion should be denied because the second attempt at service was addressed to Delta's registered agent. *Id.* In addition, Plaintiff maintains that Delta failed to raise any complaint regarding proper service or otherwise confer before filing its Motion to Dismiss. *Id.* Finally, Plaintiff argues that any dismissal would only serve to increase costs and delay ultimate resolution of the dispute. *Id.*

As an initial matter, the Court agrees with the parties that Plaintiff's first attempt to serve Delta with process was deficient. Rule 4(h)(1) permits service on corporations within the United States in the manner prescribed by Rule 4(e)(1) for serving individuals, which, in turn, allows service pursuant to the law of the state in which the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A). In addition, process may be served "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed. R. Civ. P. 4(h)(1)(B). To be sure, the term "delivering" in this context "refers to personal service and does not include service by mail." *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *2 (S.D. Tex. May 16, 2013); *see also Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000).

The parties do not dispute that service was initially attempted in Georgia or that both the Texas rules and Georgia rules of service may apply. Def.'s Mot. 3; Pl.'s Resp. 2. Georgia law "requires

---

5.255(1) (West 2012).

personal service on 'the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . . .'" *Lee v. Bank of Amer., N.A.*, No. 7:13-CV-8 (HL), 2013 WL 2120312, at *1 (M.D. Ga. May 15, 2013) (quoting O.C.G.A. § 9-11-4(e)(1)). Similarly, under Texas law, "[s]ervice may be made on [a] corporation's registered agent, president, or any vice president."[6] *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.–Houston [1st Dist.] 2013, not pet.) (citing Tex. Bus. Orgs. Code Ann. §§ 5.201(b), 5.255(1) (West 2012)). The Court concludes that Plaintiff did not satisfy the requirements of Georgia law, Texas law, or Rule 4(h)(1)(B) by addressing the initial Summons and Complaint to "c/o Legal Department" because the "Legal Department" is neither an officer nor authorized agent of Delta.[7] *See* Def.'s Mot. Ex. A, at 2.

In the interest of doing justice and moving this litigation forward, the Court next considers Plaintiff's contention that she properly re-served Delta and rendered its motion moot. *See* 3 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d. ed. Supp. 2014) ("The general attitude of the federal courts is that the provisions of Federal Rule 4 should be liberally construed in the interest of doing substantial justice . . . . [This is consistent] with the modern conception of service of process as primarily a notice-giving device."). On May 15, 2014, Plaintiff served Delta's authorized agent, Corporation Service Technology, copies of both the Summons and Complaint by certified mail. Def.'s Mot. 2 at ¶ 6; Pl.'s Resp. Ex. B. While this marks an improvement

---

[6] Corporations are required by both Georgia and Texas law to appoint a registered agent. If a corporation fails to appoint a registered agent, the respective Secretary of State functions as a registered agent for the purpose of service of process. O.C.G.A. § 9-11-4(e)(1); Tex. Bus. Orgs. Code Ann. §§ 5.201(a)-(b), 5.255(1) (West 2012).

[7] Even the clement agency standard of Georgia does not allow for service by mail with such generic labels. *Cf. Adams v. Dekalb Cnty. Ga.*, 2006 U.S. Dist. LEXIS 82415 (2006), at *6 (N.D. Ga. Nov. 8, 2006) (finding personal service on secretary of county legal department sufficient only when county protocol required process servers to deliver process to someone in the legal department instead of the CEO).

from Plaintiff's first effort at service, it is still insufficient.

Under Georgia law, "the mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient." *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997). Instead, "[t]he service upon a registered agent has to be personal." *Id*; *see also Simms v. Deutsche Bank Nat'l Trust Co.*, No. 1:12-CV-4493-WSD, 2014 WL 273236, at *4 (N.D. Ga. Jan 22, 2014) (dismissing case where plaintiff served corporation by certified mail though defendant corporation never waived personal service). This differs from Texas law, which permits service by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). However, "[w]hen the citation [is] served by registered or certified mail," Texas law further requires that "the return by the officer or authorized person [executing the citation] must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c). Texas courts have held that "the return must: (1) be endorsed upon or attached to the citation; (2) state when the citation was served; (3) be signed by the officer officially or the authorized person who served the citation; (4) be verified if served by an authorized person; and (5) have the postal service return receipt with the addressee's signature attached." *Hollister v. Palmer Ind. Sch. Dist.*, 958 S.W.2d 956, 959 (Tex. App. – Waco 1998, no pet.).

Here, too, Plaintiff falls short of the requirements set forth by both states' laws and Rule 4(h)(1)(B). First, Plaintiff did not serve Delta's agent in person, thus rendering her service deficient in Georgia and under Rule 4(h)(1)(B).[8] Pl.'s Resp. 2. Moreover, Plaintiff offered a copy of her cover

---

[8] As the Court has already noted, Rule 4(h)(1)(B) requires personal delivery of summons and complaint and does not allow for service by mail. *Hazim*, 2013 WL 2152109, at *2.

letter to Delta's agent and a printout of tracking information from the USPS instead of the return receipt required by Texas law. Pl.'s Resp. Ex. B. While Plaintiff's submissions indicated that a copy of the citation was attached and stated when Corporation Service Technology was served, they did not include the requisite signatures or verification. *See id.* In short, Plaintiff failed to comply with either Rule 4(h)(1)(A) or Rule 4(h)(1)(B) when serving Delta's agent. Therefore, her re-service was deficient.

Nevertheless, the Court concludes that dismissal in this case would be inappropriate. Indeed, dismissal is only warranted where "'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'" *Bowman v. Sanofi-Aventis*, No. A-09-CA-192-SS, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009) (quoting *Neely v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)). Rule 4(m) provides plaintiffs 120 days from the date the complaint is filed to serve defendants, which means Plaintiff has until August 5, 2014 to properly serve Delta. Fed. R. Civ. P. 4(m). What's more, a district court has discretion to quash defective service of process and provide a plaintiff another opportunity to effect proper service of process. *Bowman*, 2009 WL 5083431, at *2 (citing *Neely*, 2008 WL 938904, at *2). While Plaintiff has twice failed to properly serve Delta, those attempts were made in good faith and, as such, there is still an opportunity for her to cure defects before the Court holds her service irreparably deficient. *See Raburn*, 2010 WL 743933, at *4 (quoting *L.K. ex rel. Yarborough v. Mazda Motor Corp.*, 2009 WL 1033334, at *1 (N.D. Tex. Apr. 15, 2009) ("Where a court finds 'service is insufficient but curable,' the general rule is that it should quash the service rather than dismiss the complaint and 'give the plaintiff an opportunity to re-serve the defendant.'"); *Barksdale v. Connaghan*, No. 10-CV-02491-CMA-CBS, 2011 WL 3664382, at *3 (D. Colo. July 28, 2011) (quoting *Montgomery, Zukerman,*

*Davis, Inc v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988) (internal alterations omitted) ("Dismissal in such a case 'would be without prejudice and would probably lead to the reinstitution of the suit thereby needlessly burdening the plaintiff with additional expense and delay while postponing the adjudication of the controversy's merits.'").

Thus, the Court concludes that, in the interests of justice, it shall deny Delta's request for dismissal of this action and instead quash Plaintiff's attempted service. Further, given the proximity of the instant motion to Rule 4(m)'s 120 day deadline and Plaintiff's repeated attempts to effect service after filing suit, the Court grants an extension and requires that proper service be made within **thirty (30) days** from the date of this Order. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."); *Cockerham*, 2011 WL 1515159, at *1 (permitting a plaintiff to cure defects in service where the original service was made in good faith).

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant Delta's Motion to Dismiss (doc. 5) and **QUASHES** the original attempts at service on Delta. Plaintiff shall have **thirty (30) days** from the date of this Order to properly service Defendant Delta or face dismissal of this action.

**SO ORDERED.**

**SIGNED: July 23, 2014**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE