UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBIN JONES-WILLIAMS, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-1244-B |
| | § | |
| AIR FRANCE—KLM, S.A., d/b/a KLM Royal Dutch Airlines, a Foreign Corporation; and KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V., d/b/a/ KLM, a Foreign Corporation, | § § § § § § | |
| | § | |
|   Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is KLM Royal Dutch Airlines's (KLM)[1] First Amended Motion for Partial Summary Judgment (Doc. 70). For the following reasons, KLM's Motion is **GRANTED.**

### I.

### BACKGROUND

This is a personal injury case. Plaintiff Robin Jones-Williams (Jones-Williams) says she was injured while boarding an international commercial flight from Amsterdam to Dubai on May 27, 2012. Doc. 71, Def.'s Br. in Suppl. of Mot. Summ. J. ¶ 3 (Def.'s Br.); Doc. 1, Compl. ¶¶ 7–8. Both parties agree that a laptop bag fell from an overhead bin, dropped two feet, and injured her neck and back. Doc. 71, Def.'s Br. ¶ 3; Doc. 1, Compl. ¶¶ 7–8. As a result, she underwent extensive medical treatment and, according to her, can no longer perform almost any of her regular life activities. Doc.

---

[1] Incorrectly named as Air France-KLM, S.A. and Koninklijke Luchtvaart Maatschappij, N.V.

71, Def.'s Br. ¶ 3; Doc. 1, Compl. ¶¶ 7–8. Jones-Williams then sued KLM in this Court, complaining of "physical pain and suffering, mental anguish, disfigurement, loss of earning capacity, physical impairment, loss of consortium, and incurred medical expenses." Doc. 1, Compl. ¶ 13.

In response, KLM moved for partial summary judgment, asking this Court to dismiss Jones-Williams' loss of consortium claim on grounds that this claim "belongs exclusively to the spouse of the injured plaintiff, not plaintiff herself." Doc. 71, Def.'s Br. ¶ 1. Jones-Williams does not seem to disagree. Instead, she says that, at some point after KLM filed its Motion for Partial Summary Judgment, but before her response was due, she informed KLM's counsel that she would voluntarily remove her loss of consortium claim from her Complaint. Doc. 81, Pl.'s Resp. to Def.'s Mot. Summ. J. 1 (Pl.'s Resp.). To do this, she suggested moving the Court for leave to amend and filing an amended complaint, but KLM refused to agree to the motion. *Id.*; *see also* Doc. 82, Pl.'s Mot. for Leave to Amend Compl. (Mot. to Amend); Doc. 95, Def.'s Resp. to Pl.'s Mot. for Leave to Amend.

Both motions are currently before the Court and ripe for review. The Court now examines them.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). If the

non-movant ultimately bears the burden of proof at trial, however, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

### III.

### ANALYSIS

Although the parties' underlying motives are a bit unclear, the issue and outcome are not. This is a dispute over the proper manner in which to dismiss Jones-Williams' loss of consortium claim. Jones-Williams says she should be granted leave to amend her complaint and drop the cause of action. KLM says it is entitled to partial summary judgment on the claim. KLM is right.

Given KLM filed its Motion for Partial Summary Judgment on January 19, 2016, and Jones-Williams its Motion for Leave to file her First Amended Complaint (Motion to Amend) on February 9, 2016, the Court believes it appropriate to address the motions chronologically. Further, and contrary to Jones-Williams' assertions, the Court does not believe her Motion to Amend implicates Federal Rule of Civil Procedure 15(a)(2)—counseling the court to "freely give leave when justice so

requires"—or significantly "eliminate[s] the need for the Court to spend time or resources reviewing and ruling on an uncontested issue." Doc. 82, Mot. to Amend. 1–2.

The issue is here simple. Jones-Williams is the party who is bringing the loss of consortium claim. *See* Doc. 1, Compl. Jones-Williams is the injured spouse. *Id.* Thus, her claim is inappropriate under Texas law. In *Caperton v. Big Lots, Inc.,* No. CIV.A. 3:02-CV-1306, 2003 WL 22456801, at *3 (N.D. Tex. Oct. 23, 2003), *aff'd in part, rev'd in part and remanded*, 126 F. App'x 662 (5th Cir. 2005), the court held that "[a] cause of action for loss of consortium is an independent action for *the non-injured spouse* to recover for the 'real, direct and personal' losses to the sentimental elements of the marital relationship caused by a defendant's wrongful conduct." *Id.* at *3 (citations omitted) (emphasis added). Accordingly, "the injured spouse herself has no cause of action for loss of consortium under Texas law." *Id.* (citations omitted).

Neither does Jones-Williams. For that reason, KLM's Motion for Partial Summary Judgment as to Jones-Williams' loss of consortium claim is **GRANTED.**

## IV.
## CONCLUSION

In light of the above, the Court **GRANTS** KLM's Motion for Partial Summary Judgment as to Jones-Williams' loss of consortium claim and **DISMISSES** that claim **with prejudice.**

SO ORDERED.

SIGNED: March 15, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE